**UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JAMES MICHAEL RIEDE, as Legal Guardian of BETTY J. RIEDE, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| LOWE'S HOME CENTERS, LLC, | ) ) |
| Defendant. | ) |

Case No. CIV-24-1108-G

**ORDER**

This civil action was initiated in the District Court of Pottawatomie County, Oklahoma, and then removed by Defendant Lowe's Home Centers, LLC to this Court on December 23, 2024.  The action, solely concerning claims of Betty J. Riede, has thus far been pursued by her legal guardian, James Michael Riede, who is not represented by counsel.  *See* Compl. (Doc. No. 1-2).

On January 6, 2025, this Court held a telephonic status conference attended by Mr. Riede, as well as attorneys Joshua D. Poovey and Maegan C. Murdock for Defendant.  The Court discussed with Mr. Riede and counsel Defendant's Motion for Judgment on the Pleadings (Doc. No. 6), which challenges Mr. Riede's pro se representation of Betty J. Riede.  Mr. Riede acknowledged that he is not an attorney and requested time to find an attorney to represent Betty J. Riede.

Rule 12(c) of the Federal Rules of Civil Procedure permits a party to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial."  Fed. R. Civ. P. 12(c).  The Court evaluates the motion under the familiar standard

applied to Rule 12(b)(6) motions. *See Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000) (citing *Mock v. T.G. & Y. Stores Co.*, 971 F.2d 522, 528 (10th Cir. 1992)). "[T]o survive judgment on the pleadings, [the plaintiff] must allege 'a claim to relief that is plausible on its face.'" *Sanchez v. U.S. Dep't of Energy*, 870 F.3d 1185, 1199 (10th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Under federal law, "non-attorney pro se litigants cannot represent other pro se parties." *Perry v. Stout*, 20 F. App'x 780, 782 (10th Cir. 2001); *see also* 28 U.S.C. § 1654 ("[P]arties may plead and conduct their own cases personally or by counsel."); *Davis v. Schmidt*, No. 18-cv-03107, 2021 WL 956524, at *3 (D. Kan. Feb. 26, 2021) (dismissing under Rule 12(c) and 28 U.S.C. § 1654 the claims of a class of plaintiffs who would have been represented by a lead plaintiff who appeared pro se).

Accordingly, the Court GRANTS Defendant's Motion for Judgment on the Pleadings (Doc. No. 6)[1] to the following extent. Plaintiff is directed to procure counsel in this matter, absent which Plaintiff's claims will be dismissed without prejudice to refiling. Within 14 days of the date of this Order, Plaintiff shall either have an attorney enter an appearance on his behalf or show good cause in writing as to why the action should not be dismissed.

IT IS SO ORDERED this 9th day of January, 2025.

_____
CHARLES B. GOODWIN
United States District Judge

---

[1] Plaintiff did not respond to Defendant's Motion within the time allowed.